UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SN SERVICING CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>WESTERN BANCORP,<br><br>Defendant. | Case No. 14-cv-04978 NC<br><br>**ORDER DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

The Court finds that this case is not ripe for review and sua sponte dismisses the case for lack of subject matter jurisdiction. The basis of SNSC's claim is that it will be imminently harmed because non-party Seneca has demanded that SNSC pay to repurchase certain loans. According to SNSC, the cost of the loans plus additional damages should be reimbursed by Western, per the terms of a contract between SNSC and Western. The Court finds that the contract between SNSC and Western will be ripe for enforcement once the actual terms of the contract have been implicated, such as when SNSC has paid Seneca for the loans and Western fails to reimburse SNSC. At this time, the claim is not ripe for adjudication, so the Court lacks subject matter jurisdiction.

**I.   BACKGROUND**

SN Servicing Corporation ("SNSC") filed this case in November 2014 and amended its complaint in April 2015, seeking monetary damages and declaratory relief against Western Bancorp ("Western") to enforce the terms of a contract regarding the sale

Case No. 14-cv-04978 NC

1 and transfer of loans between SNSC and Western. Dkt. Nos. 1, 34.

### A.   Factual Allegations

In August 2012, SNSC and Western entered into an agreement, where Western sold and SNSC purchased the rights, title, interest, and servicing rights to a portfolio of mortgage loans, including the "Bayley Loan" and the "Schwartz Loan." Dkt. No. 34 at ¶¶ 5, 6. Under the agreement, Western represented that it had originated and underwritten the loans in accordance with applicable law and Fannie Mae's servicing guide ("the Guide"). *Id.* at ¶ 7. The agreement provided that if a loan is found defective, Western will cure or correct the defect, or repurchase the loan if necessary. *Id.* at ¶¶ 10, 11.

SNSC thereafter sold the servicing rights to Seneca Mortgage Servicing, LLC ("Seneca"). *Id.* at ¶ 6. On July 31, 2014, Seneca notified SNSC that Fannie Mae determined that the Bayley Loan had not been originated and underwritten in compliance with the Guide, and demanded that SNSC repurchase the loan. *Id.* at ¶ 12. Shortly after, Seneca notified SNSC that the Schwartz Loan must also be repurchased for failing to comply with the Guide. *Id.* at ¶ 13. SNSC then notified Western and requested that Western repay the loans. *Id.* at ¶¶ 12-13. SNSC refused to repurchase or repay Seneca, and Western refused to repurchase or repay SNSC. *Id.* at ¶ 14. Seneca repurchased the Bayley Loan from Fannie Mae, and SNSC believes Seneca also repurchased the Schwartz Loan. *Id.* Claiming that SNSC does not dispute its obligation to repay Seneca for the damage incurred by repurchasing the loans, SNSC sued Western, seeking (1) damages, and (2) a declaration that Western must indemnify SNSC for Seneca's demands. Dkt. Nos. 34, 44 at 4.

### B.   Procedural History

In a case management statement filed August 10, 2015, Western raised the issue that Seneca may be a necessary party for the court to fully adjudicate the dispute. Dkt. No. 42. The Court ordered the parties to further brief the issue of whether Seneca was necessary under Federal Rule of Civil Procedure 19(a). Dkt. No. 43. SNSC argued that Seneca was not a necessary party because either SNSC or Western must repurchase the

Case No. 14-cv-04978 NC          2

1  loans and repay Seneca. Dkt. No. 44. Simultaneously, Western argued that Seneca was a
2  necessary party, and without Seneca, SNSC fails to present a case or controversy that this
3  Court can adjudicate. Dkt. No. 45. Western argued that SNSC's case is premised on its
4  contention that it *will* repurchase the loans from Seneca or pay Seneca later; therefore, the
5  case is not yet ripe for adjudication. Dkt. No. 45 at 4.

6  At the case management conference, the Court asked SNSC to respond to the
7  ripeness issue. Dkt. No. 46. SNSC requested that it be permitted to file further briefing,
8  and the Court agreed. Dkt. No. 46. In its supplemental brief, SNSC argued that Seneca
9  demanded that SNSC repay the loans plus additional damages. Dkt. No. 47 at 2-3.
10 According to SNSC, this demonstrates a real and imminent threat, sufficient to satisfy the
11 ripeness requirement. *Id.*

## II. DISCUSSION

"[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press." *Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428, 434 (2011). A lack of subject matter jurisdiction is never waived and can be raised at any stage of the proceeding. *Id.*; Fed. R. Civ. P. 12(h)(3); *see also Munoz v. Mabus*, 630 F.3d 856, 860 (9th Cir. 2010).

### A. Legal Standard

In order for the Court to have subject matter jurisdiction over a case, the case must present a "case or controversy" that presents "definite and concrete, not hypothetical or abstract" issues. *Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1138 (9th Cir. 1999) (internal quotes omitted). "The constitutional component of ripeness is a jurisdictional prerequisite." *United States v. Antelope*, 395 F.3d 1128, 1132 (9th Cir. 2005). "Where a dispute hangs on future contingencies that may or may not occur, it may be too impermissibly speculative to present a justiciable controversy." *In re Coleman*, 560 F.3d 1000, 1005 (9th Cir. 2009) (internal citations omitted). "That is so, because, if the contingent events do not occur, the plaintiff likely will not have suffered an injury that is

Case No. 14-cv-04978 NC           3

concrete and particularized enough to establish the first element of standing." *Bova v. City of Medford*, 564 F.3d 1093, 1096 (9th Cir. 2009). Ripeness is a question of timing designed to "prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract agreements." *Thomas*, 220 F.3d at 1138. The party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 405 U.S. 555, 561 (1992).

The same requirement applies to claims brought under the Declaratory Judgment Act. *Principal Life Ins. Co. v. Robinson*, 394 F.3d 665, 669 (9th Cir. 2005). "If a case is not ripe for review, then there is no case or controversy, and the court lacks subject-matter jurisdiction." *Id*; 28 U.S.C. § 2201. "[D]eclaratory-judgment suits raise ripeness concerns—in a typical context—when conduct that allegedly violates a contractual provision has not yet been undertaken or when any injury from actual or potential breaches has yet to materialize." *Golden v. California Emergency Physicians Med. Grp.*, 782 F.3d 1083, 1087 (9th Cir. 2015).

**B.   SNSC's Claim Is Speculative and Contingent on Future Events.**

SNSC's first amended complaint presents causes of action for damages and declaratory relief. Dkt. No. 34. SNSC alleges that it was damaged by Western in the amount of $245,460, but states that it has not yet repurchased the loans from Seneca or incurred the monetary damages. Dkt. No. 34 at ¶¶ 14, 17, 18. Additionally, Seneca apparently demands from SNSC reimbursement for "the repurchase of the Loans, plus all actual and reasonable out-of-pocket costs and expenses, including, but not limited to reasonable attorneys' fees plus interest at the contractual rate." Dkt. No. 44 at 2-3. First, SNSC is asking the Court to award damages based on the amount SNSC owes to Seneca. Without a judgment against SNSC or actual payment made from SNSC to Seneca, the Court cannot ascertain SNSC's damages against Western. SNSC's claim for damage is abstract, until SNSC pays Seneca. For example, Seneca asks for attorneys' fees from SNSC. The Court cannot adjudicate the likely cost of Seneca's attorneys' fees when (1) Seneca is not a party; (2) Western is not in a contractual relationship with Seneca to pay

Case No. 14-cv-04978 NC           4

1  these fees; and (3) SNSC has not actually paid Seneca any attorneys' fees.

2  Second, the Court notes that SNSC provides the above information in its brief, but does not include the demand letter or a declaration to this effect. The party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Lujan*, 405 U.S. at 561. "Each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof with the manner and degree of evidence required at the successive stages of the litigation." *Shanko v. Lake Cnty.*, No. 14-cv-05543 JST, 2015 WL 1503422, at *2 (N.D. Cal. Apr. 1, 2015) (citing *Lujan*, 405 U.S. at 561). The Court provided SNSC with opportunities to submit additional evidence and briefing on the issue of subject matter jurisdiction. However, SNSC's argument on subject matter jurisdiction did not contain any evidence supporting its factual assertions. In an abundance of caution, the Court has taken as true SNSC's factual assertions, and still finds that this case is not ripe for review on the damages claim.

Likewise, the Court concludes that declaratory relief fails because Western cannot be directed to fulfill a contract between Seneca and SNSC to which Western is not a party. Because SNSC has not paid the amount demanded by Seneca, it has not suffered any concrete injury. For example, in *Wailua Associates v. Aetna Casualty and Surety Co.*, 183 F.R.D. 550, 559 (D. Hawaii 1998), the district court found that an insurer's claim was not ripe to seek declaratory judgment of its obligations under the insurance contracts. Although "a dispute between an insurer and its insureds over the duties imposed by an insurance contract satisfies Article III's case and controversy requirement," *GEICO v. Dizol,* 133 F.3d 1220, 1222 (9th Cir. 1998), the district court in *Wailua Associates* determined that the insurer's complaint spoke in "hypothetical terms" of future events, and did not present a case or controversy. 183 F.R.D. at 559.

The Ninth Circuit has similarly found that a breach of contract declaratory relief claim was not ripe for adjudication when the time for contractual performance had not passed. *Clinton v. Acequia, Inc.*, 94 F.3d 568, 572-73 (9th Cir. 1996). Under those circumstances, the Ninth Circuit found that the Court's enforcement of the contract would

1   be based on speculative harm. *Id.*; *see also Daines v. Alcatel, S.A.*, 105 F. Supp. 2d 1153,
2   1156 (E.D. Wash. 2000) (finding a breach of contract claim unripe because the complaint
3   sought judicial declaration of the contractual right *if* a certain future event occurred).
4   　　　　According to SNSC, its contract with Western provides that Western "shall
5   repurchase such Mortgage Loan from [SNSC] at the amount [SNSC] paid the Investor" for
6   the loan. Dkt. No. 47 at n.1. Additionally, the agreement provides that Western "will
7   reimburse [SNSC] for any and all losses incurred by [SNSC]." Dkt. No. 34 at ¶ 20.
8   However, "Seneca has demanded that SNSC pay it" for the loans, but SNSC does not
9   allege that it has yet paid Seneca or incurred any losses. Dkt. No. 34 at ¶ 14. SNSC has
10  not repurchased the loans, nor incurred any losses. Dkt. No. 47 at 2. Therefore, SNSC is
11  asking the Court to declare that Western must repay SNSC *if* and *when* it repurchases the
12  loans or incurs losses. The Court finds this case fits squarely within *Golden*'s caution that
13  "when any injury from actual or potential breaches has yet to materialize," the claim may
14  not be ripe for adjudication. 782 F.3d at 1087.

## III.　CONCLUSION

16  　　　　SNSC bears the burden of demonstrating that this Court has subject matter
17  jurisdiction. The Court has provided SNSC opportunities to supplement its complaint and
18  briefings to proffer sufficient factual evidence that demonstrates its claim is ripe for
19  review. However, SNSC provided no concrete evidence demonstrating that it has a ripe
20  claim. The Court concludes that it is premature to adjudicate this claim, and thus, it lacks
21  subject matter jurisdiction. Because SNSC has proffered no evidence that further
22  amendment of the complaint could cure the deficiencies noted above, the Court finds that
23  amendment would be futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962).
24  　　　　Therefore, the case is DISMISSED without prejudice for lack of subject matter
25  jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks
26  subject-matter jurisdiction, the court must dismiss the action."); *Kelly v. Fleetwood*
27  *Enterprises, Inc.*, 377 F.3d 1034, 1036 (9th Cir. 2004) (dismissal for lack of subject matter
28  jurisdiction is without prejudice). Western may apply for a payment of just costs under

Case No. 14-cv-04978 NC　　　　　　6

1   28 U.S.C. § 1919.  The clerk is ordered to terminate the case.

2   **IT IS SO ORDERED.**

3   Dated:  August 31, 2015                              _____
                                                         NATHANAEL M. COUSINS
4                                                        United States Magistrate Judge